569 A.2d 913

STATE OF NEW JERSEY v. DANIEL PHILLIP
FAZEKAS, DEFENDANT.

Superior Court of New Jersey
Law Division Warren County

Decided November 6, 1989.

404

*W. Carey Edwards,* Attorney General of New Jersey for the State, (*James J. Ciancia,* Assistant Attorney General, of counsel) (*Louis T. DeLucia,* Deputy Attorney General on the brief).

*Michael J. Perrucci,* for the defendant.

AAROE, J.S.C. (retired and temporarily assigned on recall).

The Attorney General appeals the Municipal Court's decision which held the seat belt law, *N.J.S.A.* 39:3–76.2f, unconstitutional. The Court also found the defendant guilty of operating while under the influence of alcohol, *N.J.S.A.* 39:4–50, and making an unsafe lane change, *N.J.S.A.* 39:4–88, thereby satisfying the "secondary action" requirement, that law enforcement agents only enforce the act following apprehension for some other offense. *N.J.S.A.* 39:3–76.2i.

The Municipal Court judge entertained the constitutional question because he believed that the $20 fine would render an appeal unlikely and impractical. Furthermore, no reported decision was found on point in New Jersey despite the statute's effective date of March 1, 1985.

The defendant argues that the State exceeded its police power and violated his constitutional right of privacy by mandating seat belt use. The main thrust of the argument is that an individual has a right to make his own decisions as to his safety without governmental interference and a statute which requires him to take certain steps for the sole purpose of protecting himself is unconstitutional.

Legislative enactments carry a presumption of constitutionality. *Burton v. Sills* 53 *N.J.* 86, 248 *A.*2d 521 (1968). An appropriate test for any legislation which regulates public conduct and restricts individual choice is one which measures the statute in light of its reasonable and rational relationship to the purpose for which the law was enacted. In other words, the party who contests the validity of the statute must show that there is no rational relation to the purpose for which the law was enacted. *Goldblatt v. Hempstead,* 369 *U.S.* 590, 594, 82 *S.Ct.* 987, 990, 8 *L.Ed.*2d 130 (1962); *Lawton v. Steele,* 152 *U.S.* 133, 137, 14 *S.Ct.* 499, 501, 38 *L.Ed.* 385 (1894).

The Court might consider defendant's argument if the statute's only purpose was to protect the seat belted person. This

reasoning, however, would prevent the prosecution of offenses such as suicide, bigamy, obscenity and gambling. *Paris Adult Theates I v. Slaton*, 413 *U.S.* 49, 93 *S.Ct.* 2628, 37 *L.Ed.*2d 446 (1973). In addition to saving lives seat belts diminish the effect of auto crashes and distribute the impact of a crash to more parts of the body. The belt assists the driver in controlling the vehicle. *See*, Kropoth, "Mandatory Seat Belt Usage in New Jersey", 9 *Seton Hall Legis.J.* 549, 555 (1986).

Our mandatory seat belt law became effective only a few months after New York enacted the first such law in the nation. *N.Y.Veh. & Traf.Law*, 1229–c (McKinney 1986), July 12, 1984, eff. Jan. 1, 1985. Now at least 25 states, the District of Columbia and all the Western Europe countries, except Iceland and Italy, have similar mandatory seat belt laws. *See* Kropoth, *Supra* 552 Note 12. New Jersey has an obvious and long recognized interest in regulating the operation and use of motor vehicles. The seat belt law is intended to alleviate the staggering numbers of vehicular deaths and injuries. *See* Kropoth *Supra*, 549. Despite some public disdain for the law in New Jersey, a recent study concluded that "seat belts save lives". Asch and Levy, "An Evaluation of the New Jersey Safety Belt Use Law", *Rutgers University, Bureau of Economic Research*, Feb. 1989. *See also Law v. Arizona*, 157 *Ariz.* 147, 755 *P.*2d 1135 (1988).

Our Supreme Court has taken judicial notice of the effectiveness of seat belts. *Waterson v. General Motors Corp.*, 111 *N.J.* 238, 269, 544 *A.*2d 357 (1988). That opinion discusses the legislative history of *N.J.S.A.* 39:3–76.2f and recognizes that the statute serves a valid public purpose.

■ This Court holds that there is a rational relationship to the purpose for which the law was enacted.

■ The defendant's right of privacy argument is without merit. The United States Supreme Court has held that a constitutional right of privacy does exist. The guarantee, however, concerns personal rights which are "fundamental" or

"implicit in the concept of ordered liberty". *Roe v. Wade*, 410 *U.S.* 113, 152, 93 *S.Ct.* 705, 726, 35 *L.Ed.*2d 147 (1973). The Court has included in this definition "matters relating to marriage, procreation, contraception, family relationships, child rearing and education". *Paul v. Davis*, 424 *U.S.* 693, 713, 96 *S.Ct.* 1155, 1166, 47 *L.Ed.*2d 405 (1976).

The statute challenged here does not attempt to regulate such activity. Certainly the right to choose how one wants to travel on a highway is not in the same category as the right to have an abortion or purchase contraceptives. One state Supreme Court has reasoned:

"There is no place where any such right to be let alone would be less assertable than on a modern highway with cars, trucks, busses and cycles whizzing by at sixty or seventy miles an hour. When one ventures onto such a highway, he must be expected and required to conform to public safety regulations and controls, including some that would neither have been necessary nor reasonable in the era of horse-drawn vehicles." (*[Bisenius v. Karns]* 42 *Wis.*2d 42, 55, 165 *N.W.*2d 377, 384 [1969].)

*People v. Kohrig*, 113 *Ill.*2d 384, 101 *Ill.Dec.* 650, 498 *N.E.*2d 1158 (1986).

In light of the above, the Municipal Court's decision is reversed. Since the record and decision below indicate that the defendant was in violation of the statute beyond a reasonable doubt, the $20 fine is hereby imposed.